In the Matter of the Petition of HERMAN H. BOYMAN for a Peremptory Mandamus Order against RICHARD E. ENRIGHT, Police Commissioner of the City of New York, Defendant.

Supreme Court, Kings County, April, 1924.

**Public officers — peremptory mandamus to restore policeman in city of New York to position after dismissal without charges — civil service commission attempted to revoke certificate of eligibility after petitioner received permanent appointment — attempted revocation is based on ground that petitioner after certification made false promises that he would support his wife — civil service commission had no power to revoke certificate of eligibility under Civil Service Law, § 14, or under rules of commission, rule 7, subd. 14 — petitioner was legally appointed and dismissal was illegal — peremptory order granted.**

The civil service commission of the city of New York which certifies to the eligibility of a candidate for policeman after an examination has no power under section 14 of the Civil Service Law or under subdivision 14 of rule 7 of the rules of the commission to revoke the certification after the candidate has received his permanent appointment as a patrolman where said revocation is based on the alleged false promise by the candidate, made after he was certified by the commission, that he would support his wife and would become reconciled with her. The petitioner was legally appointed on the certification of his eligibility by the commission and the police commissioner had no power to dismiss him from the service without charges and without a hearing on receipt of a communication from the civil service commission stating that it had ordered

the name of the petitioner to be placed on the list of persons disqualified for an appointment in the city service, and, therefore, his dismissal was illegal and he is entitled to a peremptory mandamus order directing his reinstatement.

MOTION for a peremptory mandamus order.

*Abraham H. Kesselman* (*David F. Price,* of counsel), for petitioner.

*George P. Nicholson,* corporation counsel (*Charles J. Druham* and *James E. O'Reilly,* of counsel), for defendant.

LAZANSKY, J. The petitioner was certified by the civil service commission for appointment as a policeman and was appointed on October 13, 1922, by the police commissioner. After service of a probationary period of six months (Greater N. Y. Charter, § 284), he received his permanent appointment on April 12, 1923. On November 30, 1923, after over seven months' service as a permanent appointee, he was dismissed by the police commissioner without any written charges having been made or trial had, as provided by section 300 of the charter. In his answer the police commissioner says that on November 28, 1923, he received a communication from the municipal civil service commission advising him that the commission, at a meeting held that day, ordered the name of the petitioner to be placed on the list of persons disqualified for employment in the city service, with a request that his services be terminated forthwith. The communication further stated: " This action is taken because of misrepresentations made to the commission at the time of his qualification with regard to matters then under consideration." As a result of this communication, says the commissioner, he made an order dismissing the petitioner from the police department.

It appears from the affidavit of one of the civil service commissioners, submitted in opposition to the motion, that on November 9, 1922 (after petitioner's appointment and while he was a probationary policeman), the civil service commission summoned him to appear before it in the course of its investigation of his character and fitness for appointment as a patrolman in the police department and it was then called to his attention that it had learned he was living apart from his wife and child and failing to provide properly for their support. The hearing was adjourned to November 15, 1922, so that the petitioner could produce his wife. She appeared, and the petitioner was informed by the commission that the police department was no place for a man who disregarded his obligation to his family and that it wou d not certify him for appointment while he was. separated from his wife and child and that there must be some reconciliation or understanding. It then appears that it was stated by the wife, in the presence

of the petitioner, that the petitioner had agreed to provide more amply for her support and to resume living with her in about three months. The commission stated to him it would certify the petitioner but that if he failed to fulfill his promise it would revoke his certification, and the petitioner said that was satisfactory. The affidavit further states that on November 28, 1923, the petitioner and his wife were again before the commission. It does not appear how they came to be there. Whether any notice had been sent to the petitioner or not does not appear. The affidavit then recites: " The petitioner's wife then testified that the petitioner had failed to provide for her support and made no attempt to resume living with her after the three months' period as stated and promised by him before the commission on the 15th day of November, 1922, but, on the contrary, was enjoying the friendship of another woman." The affidavit further states that " the commission, relying and acting upon the statements and promises made before them on the 15th day of November, 1922, certified the petitioner as a person of fit and suitable character to become a patrolman of the police department and that in the absence of said statement and promise by the petitioner it would not have certified him; that the said statements and promises of the petitioner were false and fraudulent and contrary to the intent really entertained by the petitioner at the said time and that they were made for the purpose of inducing the municipal civil service commission to certify the petitioner." It is alleged that the certification of the petitioner was obtained by fraud and was void *ab initio* and that he obtained no status as a member of the police department, and that it was the duty of the commission to revoke the certification of the petitioner.

The difficulty with the claim of the civil service commission is that it had certified the petitioner for appointment and he had been appointed before the incident of November, 1922, when it is alleged misrepresentations were made. While in the affidavit it is stated the commission relied upon petitioner's representations in certifying him, this is a mistake, for he had been appointed when he made the promise. The commission's duty had ended before the time when the promise was made. While the petitioner was only a probationary officer at the time, whether or not he should become a permanent appointee was a matter for the determination of the police commissioner. It was the duty of the latter to decide that and not the civil service commission. The civil service commission fixes the time of probation but does not have anything to do with the other conditions of it. When it assumed to lay down conditions to the petitioner after his appointment, its act was entirely

gratuitous. The communication from the civil service commission to the police commissioner d'd not state any facts whatsoever upon which the police commissioner could base a finding of misrepresentation. Section 14 of the Civil Service Law makes no provision for the revocation of a certification. It merely provides for the refusal to certify in the event that there is any false statement of any material fact or any deception or fraud in the application in the examination or in securing his eligibility or appointment. The petitioner had passed that stage. There is no claim that he concealed anything or made any other m srepresentation before his appointment. Subdivision 14 of rule 7 of the commission does not provide for the revocation of a certificate of eligibility. Rule 9 provides: " If a person who is not entitled to certification is certified, such certification shall be revoked after notification from the commission to the appointing officer." That only applies to a person who at the time of certification is not entitled to certification. At the time the petitioner was certified he was entitled to certification. By subdivision 14 of rule 7, under which the commission may refuse to examine or, after examination, to certify, because of fraud (even if it were applicable) it is provided: " Where action is taken under this clause the name of the person affected, if it be upon any list, shall, after due notice to such person, and an opportunity to be heard if he so desires, be stricken from such list." The affidavit in opposition to the motion does not show that the petitioner, although he was present on the 28th of November, 1923, was permitted to say a single word. His wife merely testified that the petitioner had failed to provide for her support and made no attempt to resume living with her after the three months' period promised by him on the 15th day of November, 1922. There may have been facts which would have warranted him in refusing to resume relations with his wife. Merely because his wife said that he did not resume living with her is far from being sufficient upon which to predicate a conclusion that the promise he made he never intended to keep. Of course, if an appointment is void, then the police commissioner may dismiss. If a man by violation of the Civil Service Law or other illegal act has procured a certification by the civil service commission as a result of which he is appointed, he really never was appointed as a matter of law, because he was ineligible. He would not be entitled to be heard on charges, as provided by section 300 of the Greater New York charter, in such a case. That is a matter for the police commissioner to determine and not for the civil service commission. In the cases cited by the corporation counsel either an appointment had not been made or the appointment was illegal because of failure to comply with the

Civil Service Law. Here, the petitioner was legally appointed, and, as said in *People ex rel. Krushinsky* v. *Martin*, 91 Hun, 425, " he obtains a status and rights, of which he can only be deprived in the manner prescribed by law." Even if the police commissioner had the power to dismiss summarily as claimed, he could not exercise that power until he had made an investigation of the facts and found that the appointment had been illegally obtained. Here he knew nothing of the facts. Motion for an order of peremptory mandamus granted, with fifty dollars costs.

Ordered accordingly.